**FILED**
**FEBRUARY 26, 2008**
**MICHAEL W. DOBBINS**
**CLERK, U.S. DISTRICT COURT**

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

**08 C 1166**

| | |
|---|---|
| Karriemah Muqeet<br>11741 S. Wentworth Ave.<br>Chicago, IL 60628<br><br>           Plaintiff,<br><br>v.<br><br>Creditors Financial Group, LLC<br>c/o CT Corporation System,<br>Registered Agent<br>208 S. Lasalle St.<br>Chicago, IL 60604<br><br>           Defendant. | CASE NO.:<br><br>JUDGE:<br><br>**JUDGE DER-YEGHIAYAN**<br>**MAGISTRATE JUDGE DENLOW**<br><br>COMPLAINT FOR DAMAGES<br>UNDER THE FAIR DEBT COLLECTION<br>PRACTICES ACT AND OTHER<br>EQUITABLE RELIEF<br><br>**JURY DEMAND ENDORSED HEREIN** |

**JURISDICTION AND VENUE**

1. Jurisdiction is founded on 28 U.S.C. §1331 pursuant to the Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. §1692.  Venue is proper in this district because this is the judicial district where all of the events giving rise to the cause of action took place.

**FACTS COMMON TO ALL COUNTS**

2. The Plaintiff is a person who incurred a consumer debt primarily for personal, family or household purposes.

3. Defendant is a corporation doing business primarily as a consumer debt collector.

4. Defendant is a debt collector as defined by the FDCPA, 15 U.S.C. §1692a(6).

5. The Plaintiff is a "consumer" as defined by 15 U.S.C. §1692a(3).

6. The debt in question qualifies as a "debt" as defined by 15 U.S.C. §1692a(5).

7. Defendant is either the holder of the debt or was retained by the current holder to collect the debt.

8. Plaintiff filed this claim within the timeframe permitted under the FDCPA.

9. On or around January 8, 2008, Plaintiff telephoned Defendant in response to a letter that Plaintiff received from Defendant regarding the debt.

10. During this communication, Defendant failed to notify Plaintiff that Defendant was a debt collector and instead, yelled at Plaintiff "What the [expletive] is wrong with you, you can't get a job?"

11. In response to Defendant's abuse, Plaintiff tried to explain that Plaintiff was taking care of Plaintiff's mother, who has Alzheimer's disease.

12. In response to Plaintiff's explanation, Defendant rudely stated that Defendant did not care about Plaintiff's mother or any other family problems, because Defendant needed its money.

13. On or around January 10, 2008, Defendant telephoned Plaintiff attempting to collect the debt.

14. During this communication, Defendant rudely stated that Defendant knew about Plaintiff's family situation and did not care.

15. On or around January 16, 2008, Defendant telephoned Plaintiff and told Plaintiff that Defendant needed a payment from Plaintiff.

16. During this communication, Plaintiff stated that Plaintiff could not afford to pay the debt and, in response, Defendant belittled Plaintiff and told Plaintiff to gather Plaintiff's clothes, put them in her truck, drive the truck to Aurora, CO, and leave the truck and the clothes for Defendant as payment.

17. During this communication, Defendant stated that Defendant would have Defendant's client go and pick up the truck and clothes after Plaintiff dropped them off.

18. During this communication, Defendant threatened to garnish Plaintiff's wages as soon as Plaintiff began working.

19. During this communication, Defendant stated that Plaintiff would not get a paycheck until the debt was paid off in full.

20. As a result of Defendant's actions, Plaintiff found it more difficult to handle the stress associated with caring for her ailing mother.

21. As a result of Defendant's actions, Plaintiff believed that legal action was imminent, and felt helpless and afraid.

22. Defendant has damaged Plaintiff emotionally and mentally and has caused substantial anxiety and stress.

23. Defendant violated the FDCPA.

## COUNT ONE

### Violation of the Fair Debt Collection Practices Act

24. Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

25. The Defendant violated 15 U.S.C. §1692d in that defendant used obscene and/or abusive language during its communications in furtherance of debt collection.

## COUNT TWO

### Violation of the Fair Debt Collection Practices Act

26. Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

27. The Defendant violated 15 U.S.C. §1692f in that its actions were unfair and/or unconscionable means to collect a debt.

## COUNT THREE

### Violation of the Fair Debt Collection Practices Act

28. Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

29. The Defendant violated 15 U.S.C. §1692e, generally, by having non-attorneys overtly state that they could control the decision to litigate and the timing and scope of the litigation, when in fact this would be an attorney decision.

## COUNT FOUR

### Violation of the Fair Debt Collection Practices Act

30. Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

31. The Defendant violated 15 U.S.C. §1692e in that defendant failed to advise Plaintiff during verbal communications that defendant was attempting to collect a debt and information would be used for that purpose.

## COUNT FIVE

### Violation of the Fair Debt Collection Practices Act

32. Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

33. The Defendant violated 15 U.S.C. §1692e in that it threatened legal action where such action was not contemplated, and stated for the sole purpose of terrifying the Plaintiff.

## COUNT SIX

### Violation of the Fair Debt Collection Practices Act

34. Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

35. The Defendant violated 15 U.S.C. §1692e by making misrepresentations during its conversations with Plaintiff.

## JURY DEMAND

36. Plaintiff demands a trial by jury.

## PRAYER FOR RELIEF

37. Plaintiff prays for the following relief:

   a. Judgment against Defendant for actual damages, statutory damages pursuant to 15 U.S.C. §1692k and costs, and reasonable attorney's fees pursuant to 15 U.S.C. §1692k.

   b. For such other legal and/or equitable relief as the Court deems appropriate.

RESPECTFULLY SUBMITTED,

Legal Helpers, P.C.

By:＿＿/s/ Jeffrey S. Hyslip＿＿＿＿＿＿＿
　　Jeffrey S. Hyslip
　　Attorney for Plaintiff
　　20 W. Kinzie Street, Suite 1300
　　Chicago, IL 60610
　　Telephone: 866-339-1156
　　Email: jsh@legalhelpers.com